IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MAURICE BLUITT, #932824 | § | |
| VS. | § | CIVIL ACTION NO. 6:14cv757 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Maurice Bluitt, an inmate confined at the Michael Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus regarding a prison time calculation issue. The petition was directly assigned to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be dismissed for failure to exhaust state remedies. Petitioner has filed a response, which is construed as objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of Petitioner are without merit.

Petitioner made two points in his objections. He initially focused on grievance procedures as a means of exhausting his state court remedies. He noted that the instructions on grievance forms specify that he may not grieve "time-served credit disputes which should be directed to the Classification and Records Time Section." In the Report and Recommendation, Petitioner was likewise told that he must pursue his state remedies initially by presenting his claims to the Classification and Records Office by submitting an Offender Time Credit Dispute Resolution Form ("TDR"). He must file a TDR, as opposed to a grievance. The Texas Court of Criminal Appeals will consider an application for a writ of habeas corpus regarding a time dispute only after he submits

and receives an answer to his TDR. *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000). Exhaustion is complete only when the Texas Court of Criminal Appeals issues a decision on the merits. The Petitioner's assumption that he must go through the grievance process in order to exhaust his state remedies is incorrect; instead, he must file and receive a response to both a TDR and an application for a writ of habeas corpus in state court.

Petitioner also noted that he filed an application for a writ of habeas corpus in state court on November 3, 2014, which is an acknowledgment that he did not exhaust his state court remedies before he filed the present petition for a writ of habeas corpus. The present petition was filed on September 10, 2014. He may file a petition for a writ of habeas corpus in this Court only after he exhausts his state court remedies. His objections lack merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** without prejudice for failure to exhaust state habeas corpus remedies. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 24th day of November, 2014.**

LEONARD DAVIS
UNITED STATES DISTRICT JUDGE